

## U.S. Department of Justice

Patrick A. Miles, Jr.
United States Attorney
Western District of Michigan

---

5th Floor, The Law Building
330 Ionia Avenue, NW
Grand Rapids, Michigan 49503

Mailing Address:
United States Attorney's Office
Post Office Box 208
Grand Rapids, Michigan 49501-0208

Telephone (616) 456-2404
Facsimile (616) 456-2408

January 27, 2014

United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 532
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202-3988

Re:    *United States v. Fisher*
       Case No. 13-1623

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), the government submits this letter to advise the Court of new relevant case law and to set forth its position on the applicability of those opinions to this case.

### *United States v. Katzin*, 732 F.3d 187 (3d Cir. 2013)

As the government discussed in its brief in this matter, in *Katzin*, a divided panel of the Third Circuit held that *Davis v. United States*, 131 S. Ct. 2419 (2011), extends the good-faith exception "only to acts that are explicitly sanctioned by clear and well-settled precedent" and that "law enforcement's reliance on the beeper cases, standing on its own, cannot sufficiently insulates [sic] the GPS search in [*Katzin*] from the exclusionary rule." 732 F.3d at 207-08. However, as argued in the government's brief, the facts in that case are not on all fours with this case, and regardless, Judge Van Antwerpen's dissent is persuasive. *See* Appellee's Brief at 25 n.5, 37.

The Third Circuit vacated the *Katzin* decision by order dated December 12, 2013. It has set the case for rehearing *en banc* on May 28, 2014.

### *United States v. Aguiar*, 737 F.3d 251 (2d Cir. 2013)

The Second Circuit, in *United States v. Aguiar*, recently considered whether *United States v. Knotts*, 460 U.S. 276 (1983), and *United States v. Karo*, 468 U.S. 705 (1984), were

binding precedent on the issue of whether police officers' placement of a GPS device on defendant's vehicle fell within the good-faith exception to the exclusionary rule. 737 F.3d at 261-62. The court noted that "[p]rior to *Jones*, our Circuit lacked occasion to opine on the constitutionality of using electronic tracking devices attached to vehicles, either of the beeper or the GPS variety." *Id.* at 261. However, "the Supreme Court did have occasion to address the issue in both *Knotts* and *Karo*." *Id.*

The Second Circuit held that "at the time the GPS tracking device was applied to [defendant's] car in January 2009, law enforcement could reasonably rely on that binding appellate precedent." *Id.* The court explained that "*Karo* discounted the importance of trespass in placing a device, stating that 'a physical trespass is only marginally relevant to the question of whether the Fourth Amendment has been violated,'" and "*Karo's de minimis* treatment of the trespass issue gave no indication that the issue of trespass would become the touchstone for the analysis in *Jones*." *Id.* (citing *Karo*, 468 U.S. at 712-13). The Second Circuit also found that "the beeper technology used in *Knotts* [was] sufficiently similar to the GPS technology deployed by the government" in that case, because "the GPS device allows law enforcement to conduct the same sort of surveillance it could conduct visually, but in a more efficient and cost-effective manner." *Id.* at 261-62. "At bottom, sufficient Supreme Court precedent existed at the time the GPS device was placed for the officers here to reasonably conclude a warrant was not necessary in these circumstances." *Id.* at 262.

This reasoning is equally applicable to the police conduct in this case.

***United States v. Smith*, __ F.3d __, 2013 WL 6728097 (11th Cir. Dec. 23, 2013)**

In *United States v. Michael*, 645 F.2d 252, 257 (5th Cir. 1981) (en banc), the Fifth Circuit held that "reasonable suspicion is adequate to support warrantless beeper installation" on a suspect's vehicle parked in a public place. *Michael* was decided just before the Fifth Circuit was split up (creating the Eleventh Circuit), and therefore constitutes "binding precedent" in both circuits. In *United States v. Andres*, 703 F.3d 828 (5th Cir. 2013), the Fifth Circuit ruled that, because of *Michael*, a *pre-Jones* warrantless GPS installation was covered by the good-faith exception, rejecting a defense argument that the beeper in *Michael* was not the same thing as a GPS. *See* Appellee's Brief at 32 n.6.

The Eleventh Circuit now takes the same view:

Because a GPS device is an "electronic tracking device," the officers in this case followed the Eleventh Circuit's precedent to the letter when they installed the trackers on Smith's vehicles with reasonable suspicion. In fact, rather than limiting the analysis to beepers, every opinion in *Michael* referred to electronic surveillance in general terms. The majority opinion never discussed the precise

> technological capabilities of beepers, and in fact the very first sentence of the opinion characterized the beeper as an "electronic tracking device" before parenthetically identifying it as a beeper.

*Smith*, 2013 WL 6728097, at *9 (internal citation omitted).

Similarly, before the use of a GPS tracking device in this case, the Sixth Circuit, in *United States v. Cassity*, 720 F.2d 451 (6th Cir. 1983), and *United States v. Forest*, 355 F.3d 942, 950-51 (6th Cir. 2004), had held that electronic tracking measures did not implicate the Fourth Amendment where they were used to determine a vehicle's location on public highways. *See* Appellee's Brief at 23-24. *Smith* offers additional support for the government's argument that the officers here followed binding Sixth Circuit precedent when they installed a GPS tracking device on Fisher's vehicle without a warrant.

                                                  Sincerely,

                                                  PATRICK A. MILES, JR.
                                                  United States Attorney

                                                    /s/Sally J. Berens
                                                  SALLY J. BERENS
                                                  Assistant United States Attorney

cc via e-filing:  Paul A. Peterson